ROBERT SEAY *et al.*, Plaintiffs-Appellants, *v.* BOARD OF FIRE & POLICE COMMISSIONERS, Defendant-Appellee.

Third District    No. 80-312

Opinion filed March 3, 1981.—Rehearing denied March 18, 1981.

Jerry Serritella, of Peoria, for appellants.

No brief filed for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Peoria County in favor of appellee, the Peoria Board of Fire and Police Commissioners (Board) and against appellants, Robert Seay and the Peoria Fire Fighters Association. The Board has not filed a brief on this appeal.

On December 16, 1978, appellants took a written examination for the position of fire captain. At a later date, oral examinations were given to all the firemen who passed the written examinations. The Board then drew up a promotion list which ranked the fire fighters who successfully passed the written and oral tests. The rankings were based on the score of the written test, the oral test and work reports. The list was published on or about October 12, 1979. In January 1980, the Board threw out the promotion list and ordered new tests. This action was based on appellee's contention that cheating had occurred on a part of the written test. Appellant subsequently brought an action for an injunction and writ of *mandamus* to compel the Board to reinstate the promotion list and promote from that list. The trial court denied the injunction and writ of *mandamus*.

On appeal the sole issue is whether the judgment was contrary to the manifest weight of the evidence. We believe that it was and accordingly we reverse.

At trial both appellant and appellee introduced evidence. Appellant

presented the testimony of the six proctors who watched the examination. All six testified that no cheating occurred. The testimony of several firemen was introduced, all of whom denied that any cheating occurred. This was sufficient to establish a prima facie case for the appellant.

We believe appellee failed to rebut the prima facie case. Simply put, the Board failed to prove that any cheating occurred. Eighteen men suspected of cheating were given polygraph examinations ordered by the Board to determine whether or not they did cheat. Fourteen of the men passed the polygraph examination, and no charges were brought against them. The four who failed the polygraph examination were charged with cheating and had hearings before the Board. All four men were exonerated of the charges. In other words, the Board failed to find a single instance of cheating. In view of the Board's failure to prove even a single instance of cheating, the trial court's finding that the Board's voiding of the examination was based on competent evidence was contrary to the manifest weight of the evidence. Accordingly, the judgment of the circuit court of Peoria County is reversed and remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

SCOTT, P. J., and HEIPLE, J., concur.